# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DOUGLAS LONGHINI, individually

       Plaintiff,

v.                                  Case No:  2:17-cv-305-FtM-99CM

PINE HAVEN PLAZA
CONDOMINIUM ASSOCIATION,
INC. and 10915 PINE HAVEN
LLC,

       Defendants.

---

## ORDER

     This matter comes before the Court upon review of Plaintiff's Motion for Entry of Clerk's Default against Defendant Pine Haven Plaza Condominium Association, Inc. ("Pine Haven") (Doc. 14) filed on July 27, 2017.   Plaintiff seeks a Clerk's entry of default as to Pine Haven.   Doc. 14.   Plaintiff filed a Return of Service.   Doc. 10.

     Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).   Prior to directing the Clerk to enter a default, the Court must

first determine whether Plaintiff properly effected service of process.   *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state where the district court is located or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"   Fed. R. Civ. P. 4(h)(1), 4(e)(1).   Section 48.081 of the Florida Statutes provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d).   As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent.   Fla. Stat. § 48.081(3)(a).

Here, the Return of Service states that on June 19, 2017, a process server for Fajardo's Legal Solutions served a true copy of the Summons in a Civil Action, Letter, Complaint, and Civil Cover Sheet, along with Plaintiff's discovery requests, upon Cindy Negron, who is an employee of Pine Haven's registered agent, Hahn Loeser & Parks, LLP.   Doc. 10 at 1.   A search of the Florida Department of State, Division of Corporations' website reveals that Pine Haven's registered agent is Hahn Loeser & Parks, LLP.[1]

---

[1] www.sunbiz.org.

Affidavits by process servers constitute a prima facie showing that defendants have been served.   *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).   Service of process upon Pine Haven therefore was properly effected under Rule 4(h) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint.   Here, Pine Haven has failed to do so within the time period; therefore, the entry of Clerk's default as to Pine Haven pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default against Defendant Pine Haven Plaza Condominium Association, Inc. (Doc. 14) is **GRANTED**.   The Clerk is directed to enter a Clerk's default against Defendant Pine Haven Plaza Condominium Association, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of July, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record