UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DOUGLAS LONGHINI, individually,

    Plaintiff,

v.      Case No: 2:17-cv-305-FtM-99CM

PINE HAVEN PLAZA CONDOMINIUM
ASSOCIATION, INC. and 10915
PINE HAVEN LLC,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Defendant Pine Haven Plaza Condominium Association, Inc.'s Motion to Dismiss (Doc. #16) filed on July 28, 2017 for failure to state a claim and lack of standing. Plaintiff filed a Response in Opposition (Doc. #26) on August 22, 2017. For the reasons set forth below, the Motion is denied.

**I.**

On June 6, 2017, plaintiff Douglas Longhini (plaintiff or Longhini) filed a Complaint against Pine Haven Plaza Condominium Association, Inc. and 10915 Pine Haven, LLC[1] (Defendants), alleging violations of Title III of the Americans with Disabilities Act (ADA). (Doc #1.) The Complaint alleges that plaintiff is

---

[1] Defendant 10915 Pine Haven, LLC has not yet been served nor appeared in this action.

disabled as defined by the ADA and confined to a wheelchair for mobility purposes due to Cerebral Palsy. (Id. at ¶ 4). Defendant owns, operates, or leases property open to the public in Lee County, Florida. (Id. at ¶ 5).

On March 4, 2017, Longhini visited the Pine Haven Shopping Plaza to conduct business at a massage parlor and a barber shop. (Id. ¶ 14). He encountered architectural barriers that rendered him unable to access common areas and certain tenant spaces at the shopping center. Specifically, Longhini alleges that he was unable to access disabled parking spaces, paths of travel due to excessive slopes and curb ramps, self-service areas which were beyond his reach, and public restrooms. (Id. at ¶¶ 24-25). Longhini asserts that defendant has denied him full and equal enjoyment of the goods and services offered by the businesses at Pine Haven Plaza because of his disabilities and will be denied and/or limited in the future unless the barriers to access found at the premises are removed. (Id. at ¶ 26).

Defendant moves to dismiss plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because plaintiff lacks standing, and failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**II.**

**A. Standing**

The Court first addresses defendant's argument that Longhini lacks standing to bring this suit because he fails to allege where he lives or that he is a frequent visitor to the area. It is a fundamental principal that federal-court jurisdiction is limited to actual cases or controversies. The "irreducible constitutional minimum" of standing consists of three elements: plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547 (2016). "[A] plaintiff must demonstrate standing separately for each form of relief sought." <u>DaimlerChrystler Corp. v. Cuno</u>, 547 U.S. 332, 352 (2006). When an injunction is sought, the moving party must also show a continuing threat of injury:

> To seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concreate and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. <u>Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 528 U.S. 167, 180-181, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000). In order to obtain injunctive relief, a plaintiff must demonstrate that he suffers the threat of an "'injury in fact'" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision

will prevent or redress the injury." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2000).

Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). See also Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335-36 (11th Cir. 2013); Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001); Wooden v. Bd. of Regents of the Univ. Sys. of Ga., 247 F.3d 1262, 1283 (11th Cir. 2001). The party invoking federal jurisdiction bears the burden of establishing these elements. Spokeo, 136 S. Ct. at 1547. Where a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. Id.

After considering all the material submitted by the parties as to the factual challenge to Longhini's standing, the Court concludes that Longhini has sufficiently alleged that he suffered an injury in fact, that there is a causal connection between the injury and the alleged architectural barriers, and that it is likely that the injury will be redressed by a favorable decision. Plaintiff alleges that he encountered architectural barriers and therefore was effectively denied access to defendant's goods and services and he intends to return to the shopping plaza in the near future once the architectural barriers are removed. (Id. at ¶ 23).

In addition, Longhini has sufficiently demonstrated his standing as a "tester" to bring this suit. Havens Realty Corp. v. Coleman, 455 U.S. 363, 363 (1982). Court files establish that Longhini has filed at least 60 federal lawsuits in the Middle

District of Florida alleging discrimination under the ADA, at least 11 in the Fort Myers Division alone. See Houston, 733 F.3d at 1337. Therefore, there is little doubt that Longhini will make his way into the Middle District of Florida on future occasions. Defendant's Motion to Dismiss for lack of standing is denied.[2]

**B. Failure to State a Claim**

Under Federal Rule of Civil Procedure 8(a), a Complaint must contained a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (citations omitted). Rather, a claim has facial plausibility when "the plaintiff pleads content that allows the

---

[2] Defendant also argues that Longhini is not a "qualified individual" under the ADA because he has not sufficiently alleged that he is disabled. This is without merit. Longhini alleges that he is wheelchair bound and suffers from Cerebral Palsy. (Id. at ¶ 4).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all the plaintiff's factual allegations as true and take them in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89 (2007).

Similar to defendant's argument regarding standing, defendant argues that Longhini fails to state a claim because he has provided no details as to his disability and he does not allege concrete plans to return in the future. As discussed above, the Court disagrees. Plaintiff has alleged that he is confined to a wheelchair because he suffers from Cerebral Palsy and plans to return to the shopping plaza in the future after the barriers have been remediated. (Id. at ¶ 4). Thus, Longhini has stated a plausible claim for relief under the ADA.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss (Doc. #16) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of October, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record